NATIONAL LABOR RELATIONS BOARD, Petitioner–Cross Respondent,

v.

FISHER ISLAND HOLDINGS, LCC, Fisher Island Club, Inc., et al., Respondents–Cross Petitioners.

No. 05–10065
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 20, 2005.

Amy Ginn, Meredith Jason, Esq., National Labor Relations Board, Washington, DC, for Petitioner.

Latesa K. Bailey, Jonathan J. Spitz, Jackson Lewis LLP, Atlanta, GA, for Respondents.

Before TJOFLAT, DUBINA and COX, Circuit Judges.

PER CURIAM:

The National Labor Relations Board ("NLRB") applies to this court for enforcement of its order issued against Fisher Island Holdings, LLC ("Fisher"). For the reasons stated in Member Meisburg's dissenting opinion, we conclude that NLRB's finding that Fisher violated 29 U.S.C. § 158(a)(1) is not supported by substantial evidence. *See Int'l Bhd. of Boilermakers v. NLRB*, 127 F.3d 1300, 1306 (11th Cir. 1997). NLRB's application for enforcement of its cease and desist order is therefore denied. NLRB's order requiring that

a new employee representation election be held is not a final order within the meaning of § 160(f) and is therefore unreviewable at this time. *See Florida Bd. of Bus. Regulation v. NLRB,* 686 F.2d 1362, 1366 n. 8 (11th Cir.1982); *see also Cooper/T. Smith, Inc. v. NLRB,* 177 F.3d 1259, 1261 n. 1 (11th Cir.1999) (stating that an employer can obtain review of a Board representation decision only by refusing to bargain after a union is certified). For that reason, NLRB's application for enforcement must be denied in full.

DENIED.